IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| BRENDA BOYD, Individually and as Personal Representative of the Estate of CALVIN BOYD, Deceased | § § § | |
| Plaintiff | § § | |
| v. | § | CIVIL ACTION NO. 2:09-cv-00254 |
| UNION PACIFIC CORPORATION | § § § § | |
| Defendant | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, BRENDA BOYD, Individually and as Personal Representative of the Estate of CALVIN BOYD ("Plaintiff"), complaining of UNION PACIFIC CORPORATION ("Defendant") and for cause of action would respectfully show the Court as follows:

### A. PARTIES

1. Plaintiff, BRENDA BOYD, is a resident of Cherokee County, Texas. Her social security number is XXX-XX-3315.

2. UNION PACIFIC CORPORATION, is a foreign corporation organized and existing under the laws of the State of Utah, and may be served with process by serving its registered agent for service of process, CT Corporation System, 350 N. Saint Paul St., Dallas, Texas 75201-4240

### B. JURISDICTION

3. This cause of action arises out of the wrongful death of CALVIN BOYD. At all material times to this Complaint, CALVIN BOYD was an employee of the Defendant, acting within

the course and scope of his employment. At all times mentioned in this Complaint, Defendant was a common carrier by railroad and all or at least part of CALVIN BOYD's duties affected interstate commerce. By reason of the foregoing, jurisdiction is conferred upon this Court under and by virtue of the provisions of the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.,* the Safety Appliance Act, 45 U.S.C. § 1 *et seq.* and the Boiler Inspection Act, 45 U.S.C. § 22 *et seq.*

## C. VENUE

4. Venue is proper in this district under 45 U.S.C. §56 because Defendant does business in this district and the cause of action arose within the district.

## D. FACTS

5. This cause of action arises out of the death of CALVIN BOYD, caused by the negligence of Defendant, Union Pacific Corporation. On December 3, 2007, while working as a machine operator, and in the course and scope of his employment with Defendant UNION PACIFIC CORPORATION, CALVIN BOYD and his supervisor, Tony DeLeon were the only employees on their crew working that day, when CALVIN BOYD notified DeLeon that he was not feeling well. When DeLeon reached Mr. Boyd he noticed that he had thrown up all over himself and on the machine he was working on. Instead of immediately summoning medical assistance or taking Mr. Boyd to the nearest hospital, Mr. DeLeon instructed Boyd to sit in the shade and drink some water.

6. By the time Mr. Boyd was transported to the Good Shepherd Medical Center Emergency Room in Marshall, Texas, he suffered complete cardiac arrest and was pronounced dead on arrival. As a result of the Defendant UNION PACIFIC CORPORATION's negligence and as a result of the Defendant UNION PACIFIC CORPORATION's violation of the Federal Employers' Liability Act and Federal safety regulations, CALVIN BOYD died.

## E. NEGLIGENCE

7. The death of CALVIN BOYD, hereinafter set forth was caused by the negligence of the Defendant UNION PACIFIC CORPORATION, contributing in whole or in part to CALVIN BOYD's death, generally and in the following particulars:

   (a) violating the Federal Employers' Liability Act;

   (b) failing to provide CALVIN BOYD with adequate assistance to perform his assigned duties;

   (c) failing to provide CALVIN BOYD with appropriate and necessary medical care;

   (d) in otherwise failing to use due care and caution under the circumstances.

Plaintiff reserves the right to plead more specifically as facts become more fully known in discovery.

## F. AGENCY/RESPONDEAT SUPERIOR

8. Whenever it is alleged in this Complaint that the Defendant did any act or thing, it includes acts of the Defendant's agents, servants, employees, parent agents, ostensible agents, agents by estoppel and/or representatives did such act or thing, and at the time such act or thing was done it was done with the authorization of the Defendant or was done in the normal routine course of the agency or employment of the Defendant.

## G. WRONGFUL DEATH AND SURVIVAL ACTION

9. CALVIN BOYD was forty six (46) years of age at the time of his death. He had a reasonable life expectancy of approximately twenty eight (28) years. He was earning a good living and reasonably expected increases in earnings over the years until his retirement. At the time of his death, CALVIN BOYD was married to Brenda Boyd. During his lifetime, CALVIN BOYD was

industrious, energetic and a good husband and provider. In all reasonable probability he would have continued to do so, providing for his family for the remainder of his natural life.

10. As a result of the death of her husband, Brenda Boyd suffered severe emotional pain, grief, and sorrow which will likely continue into the future. Brenda Boyd suffered pecuniary loss, including loss of the care, maintenance, support, services, advice, counseling and contributions of a pecuniary value that she would in reasonable probability have received from her husband during his lifetime, had he lived. She has suffered additional losses by virtue of the destruction of the husband-wife relationship, including the right to love, affection, solace, comfort, companionship, society, emotional support, and happiness.

11. In addition, Brenda Boyd brings this suit in her capacity as representative of the deceased's estate to recover for the severe pain and suffering which CALVIN BOYD suffered before his death as well as for all damages which CALVIN BOYD could have recovered had he survived.

12. In addition, this suit is brought to recover the reasonable and necessary medical and funeral expenses incurred for the care and burial of CALVIN BOYD.

## H.  DAMAGES

13. As a direct and proximate cause of the negligence of the Defendant, in whole or in part, Plaintiff has suffered the following;

    a.    Mental anguish in the past and future;
    b.    Medical expenses;
    c.    Funeral and burial expenses;
    d.    Lost wages and benefits in the past and loss of earning capacity and benefits in the future;

  e.  Physical pain past and future;

  f.  Loss of consortium.

## I. CONCLUSION

14. WHEREFORE, Plaintiff requests that Defendant be cited to appear and answer and that upon final trial of this cause, Plaintiff have:

  a.  Judgment against Defendant for a sum within the jurisdictional limits of the Court;
  b.  Post-judgment interest at the legal rate;
  c.  Costs of suit; and
  d.  Such other and further relief to which Plaintiff may be justly entitled, both at law and in equity.

           Respectfully submitted,

          SLOAN, BAGLEY, HATCHER & PERRY LAW FIRM


          BY: /s/ John D. Sloan, Jr.
           JOHN D. SLOAN, JR.
           State Bar No. 18505100
           M. RAYMOND HATCHER
           State Bar No. 24002243
           101 East Whaley Street
           P.O. Drawer 2909
           Longview, Texas 75606
           Telephone: (903) 757-7000
           Facsimile: (903) 757-7574
           ATTORNEYS FOR PLAINTIFF