IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| BRENDA BOYD, Individually and as Personal Representative of the Estate of CALVIN BOYD, Deceased<br>　　　　*Plaintiff*<br><br>v.<br><br>UNION PACIFIC RAILROAD COMPANY<br>　　　　*Defendant* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 2:09-cv-00254 |

**PLAINTIFF'S MOTION FOR SANCTIONS AND
<u>MEMORANDUM IN SUPPORT</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

BRENDA BOYD, Individually and as Personal Representative to the Estate of CALVIN BOYD ("Plaintiff"), files this her Motion for Sanctions and Memorandum in Support against UNION PACIFIC RAILROAD COMPANY ("Defendant") and would respectfully show the Court as follows:

**I. INTRODUCTION & FACTUAL HISTORY**

1.1　This case arises out of circumstances which led to the untimely death of Calvin Boyd. On December 3, 2007, Calvin Boyd, while working between Marshall, Texas and Shreveport, Louisiana as a machine operator with a railroad crew for Union Pacific Railroad Company, notified the Union Pacific Railroad Company foreman and his supervisor, Tony DeLeon, that he was ill. (Exhibit A, DeLeon Dep. 57:18–58:9). When Mr. DeLeon reached Mr. Boyd, he noticed that Mr. Boyd had thrown up all over himself and on the machine he was working on, and that Mr. Boyd was sweating. (Exhibit B, DeLeon Dep. 59:1–12). Mr. DeLeon instructed the conductor to return to the nearest crossing about a half-mile away. (Exhibit C, DeLeon Dep. 60:6–7). After returning to the

nearest crossing, Mr. Boyd exited the machine and slumped down on the tracks. (Exhibit D, DeLeon Dep. 63:1–12). According to Mr. DeLeon, he asked if Mr. Boyd was okay and Mr. Boyd told him he was "alright" and "let me rest a minute." (Exhibit E, DeLeon Dep. 101:3–102:5). Instead of dialing 911 and summoning EMS or contacting the railroad dispatcher to do so, Mr. DeLeon moved Mr. Boyd to a pick up truck and drove him to the hospital in Marshall, TX. (Exhibit F, DeLeon Dep. 69:17–18; 70:8–20). By the time Mr. Boyd was finally transported to Good Shepherd Medical Center Emergency Room in Marshall, Texas, he suffered complete cardiac arrest in the parking lot and was pronounced dead on arrival.

1.2     On August 24, 2009, Brenda Boyd filed her Original Complaint alleging, among other things, that Defendant's employee, Tony DeLeon, was negligent in failing to recognize symptoms and warnings signs of a heart attack; failing to recognize a possible medical emergency; and failing to call 9-1-1 so that a fully equipped and staffed ambulance could have arrived at the scene within minutes and provide immediate care. Throughout the course of this case, it has been Defendant's position that its employees did not, and should not be expected to, recognize that vomiting and sweating are indicators of cardiac arrest, and, congruently, that a medical emergency existed. Given the nature of this case and the claims and defenses of the parties, the knowledge and training that Defendant's employees received regarding heart attacks and the proper procedure when faced with a possible medical emergency during the course of their employment is of material importance.

1.3     Defendant, for the first time, produced the Union Pacific Railroad Company's First Aid CPR training booklet used to train Union Pacific employees, including Mr. DeLeon, on March 14, 2011. This production was only made after Plaintiff inadvertently discovered the existence of the training manual and other materials during the deposition of Bobby Odom, Defendant's corporate

safety director, on March 9, 2011[1] and specifically requested that Defendant produce the documents. (Exhibit G, Letter to Defense Counsel John Proctor, 3/10/11). Defendant's written First Aid CPR training manual, under Specific First Aid Problems, has a section expressly addressing heart attacks. (Exhibit H, First Aid Training Manual, pg. 53). The Defendant's training manual clearly indicates that sweating and nausea are signs of a heart attack. *See id.* The Defendant's training manual goes on to say:

- Time is critical, activate EMS early.
- Keep the patient still and at rest in a comfortable position....
- A patient experiencing a heart attack may deny he is having one. This is a common occurrence and should not keep you from caring for the patient. Anyone suspected of having a heart problem should be evaluated by EMS.

(Exhibit H, First Aid Training Manual, pg. 53).

1.4 In reference to "activating emergency medical services," the Defendant's written training manual provides:

> If you ***suspect*** a medical emergency exists, activate EMS as soon as possible, ***even if the situation is unclear and you are in doubt as to what may have occurred***.

(Exhibit I, First Aid Training Manual, pg. 9) (emphasis added).

1.5 Defendant's production of these extremely relevant documents occurred over a year after the scheduling conference,[2] over a year after the Amended Discovery Order was entered,[3] after Plaintiff deposed all of Defendant's employees, including Mr. DeLeon, and Defendant's

---

[1] Mr. Odom's deposition has not yet been transcribed.

[2] The scheduling conference occurred on February 24, 2010.

[3] The Amended Discovery Order was entered on February 25, 2010 by Magistrate Judge Everingham. (Amended Discovery Order, Docket # 11).

experts, after the discovery deadline,[4] after the deadline for pretrial disclosures[5] and twenty-one days before trial.[6] Thus, Plaintiff was unable to provide her medical expert, Dr. David Garza, or her railroad safety expert, Terri Doyle, with these documents. Moreover, Plaintiff was unable to depose any of Defendant's employees, corporate representatives, medical experts and safety experts on the critical information contained in Union Pacific Railroad Company's First Aid CPR training booklet. Signicantly, Defendant has declared it will not likely call its medical expert or its corporate representative live at trial. Given the importance of these documents to Plaintiff's case, and the prejudicial effect Defendant's failure to disclose these documents has had on Plaintiff's ability to prepare her case for this trial, Plaintiff has no choice but to respectfully request that the Court impose equitable sanctions against Defendant so that Plaintiff may fairly litigate her claims.

## II. ARGUMENT & AUTHORITIES

2.1 The scheduling conference for this case was conducted on February 24, 2010. On February 25, 2010, this Court issued its Amended Discovery Order, and ordered in pertinent part:

> Additional Disclosures. Each party, **within 45 days after the Scheduling Conference and without awaiting a discovery request**, to provide, to the extent not already provided, to every party the following:
>
> (A) **a copy of all documents** . . . in the possession, custody, or control of the party that are **relevant to the pleaded claims or defenses involved in this action.**"

(Amended Discovery Order, p. 3 [Docket #11]) (emphasis added).

---

[4] The discovery deadline was extended by the agreement of the parties to March 11, 2011. (*See* Court's Order Granting Agreed Motion to Enlarge Discovery Period dated February 15, 2011 [Docket #42].

[5] Pursuant to this court's Amended Discovery Order, the deadline for Plaintiff to identify *each* document Plaintiff anticipated she would offer at trial was *March 5, 2011*. (Amended Discovery Order, p. 4-5 [Docket #11]) (emphasis added).

[6] Pursuant to this Court's docket entry of January 14, 2011, trial is scheduled for April 4, 2011.

2.2 Pursuant to Local Rule CV-26(d), this Court defines information "relevant to the claim or defense of any party," as follows:

    (1) It includes information that would not support the disclosing parties contentions;

    (2) It includes those persons who, if their potential testimony were known, might reasonably be expected to be deposed or called as a witness by any of the parties;

    (3) It is information that is likely to have an influence on or affect the outcome of a claim or defense;

    (4) It is information that deserves to be considered in the preparation, evaluation or trial of a claim or defense;

    (5) It is information that reasonable and competent counsel would consider reasonably necessary to prepare, evaluate or try a claim or defense."

(LR CV-26 (d)(1-5) (emphasis added).

2.3 Under the definition of relevant evidence provided by this Court's Local Rule CV-26(d), Defendant's written First Aid CPR training manual, used to instruct its employees on how to identify medical conditions and react to those medical conditions, is not only clearly relevant, it cuts straight to the heart of this case. Defendant's failure to produce these documents until after the discovery period has ended, after all witnesses have been deposed, and a mere twenty-one days before trial constitutes a violation of the Court's Amended Discovery Order compelling disclosure and extremely prejudices Plaintiff's case.

2.4 Pursuant to Fed.R.Civ.P. 37(b)(2):

> If a party or a party's officer, director, or managing agent... fails to obey an order to provide or permit discovery... the court where the action is pending may issue further just orders.

Such further just orders, under Rule 37(b)(2), may include:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering default judgment against the disobedient party;

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed.R.Civ.P. 37(b)(2).

2.5 Plaintiff is presently unaware of the reason why Defendant's First Aid CPR training manual was not produced until now. Regardless of whether Defendant's failure to disclose their training manual was done out of bad faith or simple oversight, Brenda Boyd's ability to litigate her husband's death has been hamstrung by this failure and her right to a fair trial with all relevant evidence severely jeopardized. As the fault lies with Defendant, appropriate and commiserate equitable relief is both necessary and proper. Merely continuing this trial and allowing Plaintiff to redepose Defendant's witnesses is not sufficient; Plaintiff's awareness of the training manual, and how they would use it to examine those witnesses, has been distinctly made known to Defendant and allowing them time to prepare those witnesses for such examination plainly defeats the purpose. Nor do monetary sanctions restore Plaintiff's ability to fairly litigate the case.

2.6     Given the gravity of Defendant's failure to timely produce their First Aid CPR training manual, Plaintiff respectfully requests the Court to impose one or more of the following sanctions:

> (1)  Directing that the facts designated in the training manual, namely that Defendant's employees should have identified Mr. Boyd's symptoms as a potential heart attack and should have immediately called Emergency Medical Services, be taken as established for purposes of the action, as Plaintiff claims;
>
> (2)  Prohibiting Defendant from opposing Plaintiff's designated claims that Defendant's employees negligently failed to recognize Mr. Boyd's symptoms and warnings of heart attack, negligently failed to recognize a possible medical emergency, and negligently failed to summon emergency medical services;
>
> (3)  Striking Defendant's pled defenses, in whole or in part;
>
> (4)  Striking the testimony of Defendant's expert(s);
>
> (5)  Striking Defendant's pleadings, in whole or in part;
>
> (6)  A finding that Defendant violated the Court' Discovery Order and issuing a like instruction to the jury;
>
> (7)  An instruction to the jury that Defendant violated its own corporate safety policy and/or guidelines and that, as a matter of law, is clear evidence of negligence by Defendant;
>
> (8)  Such other sanctions as the Court deems appropriate and necessary.

### III. PRAYER

In light of the position Plaintiff now finds herself in as a result of Defendant's failure to disclose their First Aid CPR training manual until after the discovery deadline, after the depositions of all witnesses have been taken, and a mere twenty-one days before trial, Plaintiff prays the Court to impose equitable sanctions against Defendant in order that this case may be fairly presented to a jury and justly resolved.

> Respectfully submitted,
>
> SLOAN, BAGLEY, HATCHER & PERRY LAW FIRM
> P. O. Drawer 2909
> Longview, TX 75606-2909
> Telephone: (903) 757-7000
> Facsimile: (903) 757-7574
>
>
> By: */s/ Glenn A. Perry*
>     GLENN A. PERRY
>     State Bar No. 15801500
>     JOHN D. SLOAN, JR.
>     State Bar No. 18505100
>
> ATTORNEYS FOR PLAINTIFF

### **CERTIFICATE OF CONFERENCE**

I hereby certify that I have conferred with opposing counsel and they oppose the filing of this motion.

> */s/ Glenn A. Perry*
> GLENN A. PERRY

**CERTIFICATE OF SERVICE**

     I hereby certify that on this 17th day of March, 2011, a true and correct copy of this document was electronically sent via the Eastern District of Texas's CM/ECF system in accordance with the Federal Rules of Civil Procedure, to the following:

| | |
|---|---|
| John W. Proctor | Michael Jones |
| Robert W. Piwetz | Allen Gardner |
| BROWN, DEAN, WISEMAN, | POTTER MINTON, P.C. |
|    PROCTOR, HART & HOWELL | P.O. Box 359 |
| 306 W. 7th Street, Suite 200 | Tyler, Texas 75710 |
| Fort Worth, TX 76102 | |

                                                           */s/ Glenn A. Perry*
                                                           GLENN A. PERRY