

# SLOAN, BAGLEY, HATCHER & PERRY
## LAW FIRM

March 10, 2011

JOHN D. SLOAN JR.
Board Certified - Personal Injury Trial Law
Texas Board of Legal Specialization
Board Certified Civil Trial Advocate
National Board of Trial Advocacy

LAUREEN F. BAGLEY
Licensed in Texas,
Louisiana and Mississippi
Certified Mediator

M. RAYMOND HATCHER
Licensed in Texas

GLENN A. PERRY
Board Certified - Personal Injury Trial Law
Texas Board of Legal Specialization
Board Certified Civil Trial Advocate
National Board of Trial Advocacy
Fellow, American College of Trial Lawyers

J. RYAN FOWLER
Licensed in Texas

ALAN J. ROBERTSON
Licensed in Texas

JEFF FULBRIGHT
Investigator
TDI License #0008932710

*Via Email: jproctor@browndean.com*
*and Fax: 817.870.2427*
Mr. John W. Proctor
BROWN, DEAN, WISEMAN, PROCTOR, HART & HOWELL
200 Fort Worth Club Building
306 West 7th Street
Fort Worth, TX 76102

**RE:** **Civil No. 2:09-cv-00254;** *Brenda Boyd, Individually and as Personal Representative of the Estate of Calvin Boyd, deceased vs. Union Pacific Corporation;* **In the United States District Court of the Eastern District of Texas, Marshall Division**

Dear John:

I am writing with regard to certain relevant discovery documents which came to light for the first time yesterday in the deposition of the Union Pacific safety director, Mr. Bobby Odom.

Specifically, Mr. Odom identified the following documents, which he agreed could well contain information relevant to the claims asserted by the Plaintiff herein:

- **Job Briefing Booklet** – one of which would have or should have been carried by Mr. DeLeon on the date in question.

- **Union Pacific Safety Resource Manual** which was in effect on the date in question.

- **Union Pacific's Training Record and File** - for Mr. DeLeon and Mr. Tabor, which I understand would, at a minimum, document what specific safety training these gentlemen would have received from Union Pacific prior to the date in question.

- **CPR training written material and PowerPoint presentation** utilized in Union Pacific's Medic First Aid, CPR class that would have been attended by Mr. DeLeon and Mr. Tabor.

On their face it would appear that these documents would have been responsive to Plaintiff's discovery requests herein and are likely to contain material information and would certainly fall within the parameters of the disclosures mandated by the Court's discovery order herein.

**PLAINTIFF'S EXHIBIT G**

John, I am very concerned that these material documents were not provided timely so that they could have been considered by my liability expert and/or utilized in the deposition questioning of Mr. Tabor, Mr. DeLeon, Mr. Leone and Mr. Odom. Just how significant this concern might be cannot be determined until the materials are received and examined by my office.

I am especially concerned that the existence of these substantive materials and documents were not revealed until the day before our extended discovery deadline, which was also after our exhibit lists were due to the Court and inside 30 days before trial.

Obviously, I request that the Plaintiff be provided copies of these materials immediately so that we can evaluate just how serious my concerns are and what steps we need to take going forward.

Thank you for your attention.

Yours truly,
SLOAN, BAGLEY, HATCHER & PERRY LAW FIRM

ORIGINAL SIGNED BY
GLENN A. PERRY

Glenn A. Perry

GAP:bh