UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| BRENDA BOYD, ET AL. | § | |
| | § | |
| vs. | § | CASE NO. 2:09-CV-000254-TJW-CE |
| | § | |
| UNION PACIFIC CORPORATION, ET AL. | § | |

**REPORT AND RECOMMENDATION**

The above-referenced case was referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636. Pending before the court is Plaintiff's motion for sanctions (Dkt. No. 59). After considering the parties' arguments, and the applicable law, the undersigned recommends that the court GRANT the Plaintiff's motion for sanctions.

**I.   BACKGROUND**

On December 3, 2007, Calvin Boyd, while working between Marshall, Texas and Shreveport, Louisiana as a machine operator with a railroad crew for defendant Union Pacific Railroad Company ("UPRC"), notified the foreman and his supervisor, Tony DeLeon, that he was ill. When Mr. DeLeon reached Mr. Boyd, he noticed that Mr. Boyd had thrown up all over himself and on the machine he was working on and that Mr. Boyd was sweating. Mr. DeLeon instructed the conductor to return to the nearest crossing about a half-mile away. After returning to the nearest crossing, Mr. Boyd exited the machine and slumped down on the tracks. According to Mr. DeLeon, he asked if Mr. Boyd was okay and Mr. Boyd told him he was "alright" and "let me rest a minute." Mr. DeLeon did not dial 911 or contact anyone else to do so. Rather, Mr. DeLeon moved Mr. Boyd to a pick-up truck and drove him to the hospital in

Marshall, Texas. By the time Mr. Boyd got to the emergency room, he had suffered complete cardiac arrest and was pronounced dead.

On August 24, 2009, plaintiff Brenda Boyd filed her original complaint alleging, among other things, that Union Pacific Corporation ("UPC")[1] was negligent in failing to provide Mr. Boyd with appropriate and necessary medical care and in failing to use due care and caution under the circumstances. On February 25, 2010, the court issued an amended discovery order, requiring the parties to provide each other with "a copy of all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action." On July 29, 2010, Plaintiff amended her complaint, adding defendant UPRC and alleging that, in addition to the above, UPC and UPRC were negligent in failing to comply with applicable company safety rules and procedures.

Although the court's discovery order required UPRC to produce all documents relevant to Plaintiff's claims, UPRC did not produce its First Aid CPR training manual until March 14, 2011 – just three weeks prior to jury selection and more than nine months after UPRC was added as a defendant in this case. The manual has a section expressly addressing heart attacks, which states that sweating and nausea are signs of a heart attack. First Aid Training Manual at 53, attached as Exhibit H to Plaintiff's Motion for Sanction, Dkt. No. 59. The manual goes on to say that, if such signs are observed, care for the patient should include the following:

- Time is critical, activate EMS early.
- Keep the patient still and at rest in a comfortable position....
- A patient experiencing a heart attack may deny he is having one. This is a common occurrence and should not keep you from caring for the patient. Anyone suspected of having a heart problem should be evaluated by EMS.

---

[1] Union Pacific Corporation has been dismissed.

*Id.* Furthermore, in reference to "activating emergency medical services," the manual states that if an employee suspects a medical emergency exists, the employee should "activate EMS as soon as possible, even if the situation is unclear and…[the employee is]…in doubt as to what may have occurred." *Id*. at 9.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 37 authorizes sanctions for failure to comply with discovery orders. This court may bar the disobedient party from introducing evidence, or it may direct that certain facts shall be "taken to be established for purposes of the action." Fed. R. Civ. P. 37(b)(2)(A)(i). Rule 37 also permits this court to strike claims from the pleadings and even to "dismiss the action . . . or render a judgment by default against the disobedient party." *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 763, 100 S. Ct. 2455, 65 L.Ed.2d 488 (1980); *accord* Fed. R. Civ. P. 37(b)(2)(A)(v)–(vi). "Rule 37 sanctions must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent." *Roadway Express*, 447 U.S. at 763–64.

Rule 37(b)(2) requires that any sanction be just and that the sanction must be related to the particular claim that was the subject of the discovery violations. *Compaq Computer Corp. v. Ergonome Inc.,* 387 F.3d 403, 413 (5th Cir. 2004) (citations omitted) (reviewing a sanction, the finding of alter ego liability, based upon party's behavior regarding discovery related to the alter ego issue). Further, the penalized party's discovery violation must be willful. *United States v. $49,000 Currency,* 330 F.3d 371, 376 (5th Cir. 2003). Finally, a severe sanction under Rule 37 is to be employed only where a lesser sanction would not substantially achieve the

desired deterrent effect. *Id.*

In addition to Rule 37, this court also has inherent powers to enter sanctions. The inherent powers of this court are those which "are necessary to the exercise of all others." *Roadway Express,* 447 U.S. at 764 (citation omitted). The contempt sanction is the most prominent inherent power, "which a judge must have and exercise in protecting the due and orderly administration of justice and in maintaining the authority and dignity of the court." *Id.* (citation omitted). When inherent powers are invoked, however, they must be exercised with "restraint and discretion." *Gonzalez v. Trinity Marine Group, Inc.,* 117 F.3d 894, 898 (5th Cir. 1997). Thus, severe sanctions should be confined to instances of "bad faith or willful abuse of the judicial process." *Id.* In any event, when parties exploit the judicial process, a court may sanction conduct beyond the reach of other rules. *Natural Gas Pipeline v. Energy Gathering, Inc.,* 2 F.3d 1397, 1407 (5th Cir. 1993).

## III.    ANALYSIS

Plaintiff argues that UPRC's First Aid CPR training manual is clearly relevant to her claims. Furthermore, Plaintiff argues that UPRC's failure to produce this document constitutes a violation of the court's discovery order and has severely prejudiced Plaintiff's case. In response, UPC and UPRC argue that they were not aware that the training manual was in any way relevant to Plaintiff's claims and, therefore, had no duty to produce it.

Having carefully considered the parties' arguments, the undersigned recommends that the court reject UPRC's contention that it had no way of knowing that the manual was relevant to Plaintiff's claims. Under Local Rule CV-26(d), information "relevant" to the claim or defense of any party includes, among other things, information that: "(3) …is likely to have an influence

on or affect the outcome of a claim or defense; (4) …deserves to be considered in the preparation, evaluation or trial of a claim or defense; (5) …reasonable and competent counsel would consider reasonably necessary to prepare, evaluate or try a claim or defense." In her original and amended complaints, Plaintiff alleged that UPRC was negligent in failing to provide Mr. Boyd with appropriate and necessary medical care, failing to use due care and caution under the circumstances, and failing to comply with applicable company safety rules and procedures. Considering these allegations, a document labeled "CPR, AED, AND FIRST AID FOR ADULTS – STUDENT GUIDE" would, undoubtedly, be particularly relevant to Plaintiff's claims. As such, the undersigned finds that UPRC failed to comply with this court's discovery order. Furthermore, the undersigned finds that Plaintiff was prejudiced by the fact that UPRC did not produce the training manual until after the discovery period had ended, after all witnesses had been deposed, and a mere three weeks prior to jury selection.

> Considering this, the undersigned recommends that the court instruct the jury as follows:
>
> The court issued a discovery order in this case that required both parties to produce all documents that were relevant to the Plaintiff's claims. Defendant failed to comply with this order when it did not produce its First Aid CPR training manual until March 14, 2011. You may take Defendant's failure to produce this document into account in evaluating this case.

Furthermore, the undersigned recommends that the court preclude UPRC from offering any testimony that is: (1) inconsistent with the previous testimony that its representatives have given regarding the First Aid CPR training manual; and (2) inconsistent with its policies and procedures as recited in the training manual. The undersigned concludes that these sanctions are appropriate in light of the prejudice Plaintiff has suffered and are the least severe sanctions that will appropriately remedy that prejudice.

## IV. CONCLUSION

The undersigned finds that Plaintiff has been prejudiced by UPRC's delay in producing its First Aid CPR training manual. Furthermore, the undersigned recommends that the court reject UPRC's contention that it was not aware that the manual was relevant to Plaintiff's claims. As such, the undersigned recommends that the court GRANT the Plaintiff's motion for sanctions and issue the sanctions outlined above.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report by Thursday, April 7, 2011 shall bar that party from de novo review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc). The court shortens the normally applicable fourteen day period to file an objection given the exigent circumstances. *See Tripati v. Drake*, No. 89-55330, 1990 WL 100242, at *8 (9th Cir. July 19, 1990) (shortening the time period in which objections had to be filed due to "exigent circumstances"); *United States v. Barney*, 568 F.2d 134, 136 (9th Cir. 1978) (ten day period in which to object is a maximum, not a minimum, and court may require a response within a shorter period if "exigencies of the calendar" require); *United States v. Doherty*, No. 05-CR-0494(JS)(WDW), 2009 WL 1310877, at *10 (E.D.N.Y. May 7, 2009).

SIGNED this 4th day of April, 2011.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE